**Berdia May GRIER, Plaintiff,**

v.

**HENRY FORD HOSPITAL, Defendant.**

Civil Action No. 96–70086.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 3, 1996.

Gregory L. Wilkins, Detroit, MI, for Plaintiff.

Terrence J. Miglio, Linda M. Foster, Keller, Thoma, Schwarze, Schwarze, Schwarze, DuBay & Katz, P.C., Detroit, MI, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

### I. Background

Plaintiffs Berdia Grier and Doris Harris sued defendant Henry Ford Hospital under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* On April 15, 1996 I denied plaintiffs' motion for a preliminary injunction. On August 8, 1996 I entered a Stipulated Order of Dismissal removing Harris from the case. Defendant now moves for summary judgment of Grier's claims.

### II. Standard of Review

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c). The court must view the facts in the light most favorable to the non-moving party. *Monette v. Electronic Data Systems,* 90 F.3d 1173 (6th Cir.1996), citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

### III. Analysis

Grier was employed as a Senior Unit Clerk (SUC) in the B–5 Unit of Henry Ford Hospital ("Ford"). This unit was reorganized in 1995 as a "Patient Focused Care" unit in 1995. Grier was informed that her job was being eliminated and she would be subject to the hospital displacement policy, which gave her 60 days to find other employment within Ford or be terminated with severance pay.

Grier applied for one of three vacant positions as "Administrative Support Partner" (ASP) in the reorganized B–5 unit, but was turned down. In November 1995, according to defendant, Grier voluntarily withdrew her application. She was offered an interview

for two other positions but Ford claims she refused to apply. In November 1995 she requested transfer to the "float pool" and on January 29, 1996 she was formally reassigned as a Senior Unit Clerk in the float pool, which meant she was no longer subject to the displacement policy. She now has the same pay, benefits and shift that she did as an SUC in the B–5 unit.

As the parties agree, the elements of an ADEA prima facie case are (1) plaintiff is a member of the protected class (*i.e.*, over 40 years old); (2) plaintiff was subjected to an adverse employment action; (3) plaintiff was qualified for the position; and (4) plaintiff was replaced by a younger person. *Simpson v. Midland–Ross Corporation*, 823 F.2d 937, 940 (6th Cir.1987). Ford argues that Grier was not subject to any adverse employment action, and therefore cannot establish a prima facie case. This is because, first, Grier voluntarily withdrew her application for the ASP position, and second, the pay, benefits and hours she enjoys in her new SUC position are the same as those of her previous SUC position and the same as those of an ASP.

■ Ford has presented evidence to support its contention that Grier voluntarily withdrew her application for the ASP position. This evidence includes the affidavit of David Bruce, Senior Representative in Ford's Human Resources Department, stating that Grier had withdrawn her application, and a November 14, 1995 memo from Grier's supervisor Barbara Hooper, in which Hooper reports that Grier had told Hooper's supervisor, Jackie Liebowitz, she was no longer interested in the ASP position.

Once a defendant presents evidence that there is no dispute of material fact, plaintiff must provide some evidence that a dispute exists, in order to defeat summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). A mere scintilla of evidence is not

sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Grier fails to meet this burden. The only evidence that plaintiff has put forward is her negative response when asked in deposition testimony whether she had told Barbara Hooper she was no longer interested in the ASP position. However, Hooper's own memo indicates that it was Hooper's supervisor, Liebowitz, and not Hooper, to whom Grier communicated the withdrawal of her application. Nowhere in her deposition or affidavits does plaintiff deny this. Plaintiff's attorney had ample opportunity, in Grier's deposition or in affidavits, to support the contention that she did not voluntarily withdraw her application, and he failed to do so.

■ Even if there were doubt as to this point, Grier has still failed to show an adverse employment action. She concedes that the move from the job she holds, SUC, to the job she desires, ASP, is a lateral move, and that the salary, hours and conditions of employment are the same. The only indication of any difference is Grier's assertion that "[t]he Administrative Support Partner is a permanent position under the Patient Focus (sic) Care Program unlike the *temporary* Senior Unit Clerk position that was eliminated by the hospital when the program is totally implemented throughout the hospital." Plaintiff's Br. at 2 (emphasis in original). Nowhere in depositions or affidavits before the court does plaintiff support this allegation, or specify when her SUC position is scheduled to end.[1]

Plaintiff's counsel asserts, "Case law indicates that adverse employment action under the age discrimination (sic) can apply to lateral transfers," plaintiff's Br. at 3, yet cites no case to that effect. In reviewing courts of appeals holdings, I find no decision holding that the denial of a lateral transfer can be the basis for a discrimination claim.[2]

---

1. I do not have the entire text of depositions taken in this case, but only those pages which the parties have supplied to me.

2. In one case, the U.S. Court of Appeals for the Tenth Circuit notes that the district court had dismissed the portion of an age discrimination

claim based on the denial of a lateral transfer, but plaintiff did not appeal that aspect of the ruling. *Aronson v. Gressly*, 961 F.2d 907 (10th Cir.1992). Numerous cases hold that a lateral transfer with equal pay and conditions of employment is not an adverse employment action

Even assuming that plaintiff is correct as a matter of law, in this case the failure to offer Grier the lateral transfer she sought had no adverse impact. Grier admits the pay and hours are the same, and she has put forward no depositions or affidavits indicating that the ASP position would offer greater security, greater potential for promotion, or any other tangible benefits. It is not the job of this court to supply facts which counsel fails to properly present. .

Defendant additionally asserts a legitimate non-discriminatory reason for denying Grier the ASP position, in that her supervisor testified she lacked necessary skills. In response, Grier presents the affidavit of a co-worker stating that she was qualified. Ford asserts that a conclusory assertion by a co-worker is not sufficient to create a material dispute of fact as to whether defendant's explanation was pretextual, citing *Gagne v. Northwestern National Insurance Co.*, 881 F.2d 309 (6th Cir.1989). In light of my ruling that plaintiff failed to establish a prima face case, it is unnecessary for me to decide this issue. I note, however, that even if plaintiff's prima facie case were to survive, there is great doubt that the evidence she has presented could establish that defendant's proffered reasons are a pretext for discrimination.

### IV. *Conclusion*

Because plaintiff has failed to establish a prima facie case of age discrimination under the ADEA, defendant's motion for summary judgment is hereby granted.

IT IS SO ORDERED.

---

for purposes of the ADEA. *See Williams v. Bristol–Myers Squibb Co.*, 85 F.3d 270, 273 (7th Cir.1996).